UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

7 WEST 21 LI LLC,

                Plaintiff,

       -against-

CLEMENT MOSERRI

                Defendant.

21-CV-5621 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    In *7 West 21 LI LLC v. Moserri,* ECF 1:20-CV-279 (JPC) ("*Moserri I*"), which is pending before Judge Cronan, *pro se* Defendant Clement Moserri paid the fees to remove a holdover proceeding that Plaintiff 7 West 21 LI LLC filed in the Housing Part of New York City Civil Court, New York County, under Index No. 053774/2019. In a motion to remand pending in *Moserri I*, Plaintiff concedes that the matter may present a federal question, but alleges that Defendant's notice of removal is untimely.

    In this new *pro se* removal action, Defendant, proceeding *in forma pauperis*, claims that Plaintiff filed a "duplicate" holdover proceeding in the same state court, under Index No. 303464/2021.[1] (ECF 1 at 2.) According to Defendant, Plaintiff "improperly and deceitfully" filed this new holdover proceeding "with the same cause of action" as in *Moserri I*, in "an attempt to deprive" this Court and "the pending Supreme Court of the United States action for enforcement of their decision(s)." (*Id.* at 4.)

---

    [1] Defendant filed this notice of removal in *Moserri I*, and Judge Cronan notified Plaintiff that any new removal action would need to proceed under a new docket number.

# DISCUSSION

A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may remand an action *sua sponte* within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

Defendant's notice of removal does not comply with section 1446(a). Defendant did not file "a short and plain statement of the grounds for removal" or submit "cop[ies] of all process, pleadings, and orders" that were served upon him in the state court. Defendant simply asserts, without any factual enhancement, that the holdover proceeding underlying this notice of removal is a duplicate of the one underlying *Moserri I*.

Accordingly, the Court directs Defendant to submit a declaration containing "a short and plain statement of the grounds for removal," and attach to it "cop[ies] of all process, pleadings, and orders" that were served upon him in the state court in Ind. No. 303464/2021.

**CONCLUSION**

The Court directs Defendant to file a declaration, within 30 days from the date of this order, that complies with the standards set forth above. If Defendant fails to comply within the time allowed, and he cannot show good cause to excuse such failure, this matter will be remanded to the state court under 28 U.S.C. § 1447(c).

The Clerk of Court is directed to mail a copy of this order to Defendant and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 7, 2021
       New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge